455 So.2d 1164 (1984)
INTERNATIONAL COMMUNITY CORPORATION-TAMPA and the Insurance Company of Florida, Appellants,
v.
DAVIS WATER AND WASTE INDUSTRIES, INC., Appellee.
No. 83-1987.
District Court of Appeal of Florida Second District.
September 12, 1984.
*1165 Robert B. Worman, Orlando, for appellants.
W. James Gooding, III, and Ted B. Edwards of Akerman, Senterfitt & Eidson, Orlando, for appellee.
PER CURIAM.
Appellants, International Community Corporation-Tampa (ICC-T) and The Insurance Company of Florida, seek review of a final summary judgment awarding damages against appellants for $4,736.89 in a mechanic's lien action. We affirm.
Appellants raise several points on appeal. First, appellants argue that the trial court erred by granting a materialman's lien based upon a pro rata formula pursuant to section 713.06(4)(b), Florida Statutes (1981), when the construction project in question involved a subdivision development governed by sections 713.04 and 713.07, Florida Statutes (1981). Second, appellants claim the trial court erred by refusing to allow the filing of supplemental affidavits and a memorandum of law. Third, they claim that a lienor (appellee) foreclosing on a lien transfer bond pursuant to chapter 713 must attach a copy of the bond sued upon to the complaint under Florida Rule of Civil Procedure 1.130(a).
ICC-T, as a developer of a subdivision in Pasco County, contracted with Duarte Construction Company, Inc. (Duarte) to construct subdivision improvements. Duarte subcontracted with appellee to supply pipeline materials to the project.
Prior to completion of the project, Duarte defaulted and was removed from the job. ICC-T hired new contractors to complete the work Duarte had contracted to perform and to correct defective work performed by Duarte.
After Duarte's default, numerous subcontractors and materialmen, including appellee, filed mechanic's liens against the property owned by ICC-T. These liens were transferred to lien transfer bonds pursuant to section 713.24, Florida Statutes (1981), which were issued by The Insurance Company of Florida, an appellant, as surety.
On January 4, 1983, appellee filed suit against Duarte and ICC-T. Count II of the complaint dealt only with ICC-T and sought foreclosure of the mechanic's lien against the real property owned by ICC-T in Pasco County. On January 10, 1983, appellee's mechanic's lien was transferred to a section 713.24 lien transfer bond which was filed with the circuit court in Pasco County.
Appellee amended its complaint to add count III, which sued ICC-T as principal and The Insurance Company of Florida as *1166 surety on the section 713.24 bond. Attached to the amended complaint was the lien transfer bond evidenced by a Pasco County circuit court clerk's certificate and a copy of the claim of lien.
Appellants moved to dismiss count II of the amended complaint alleging that it did not state a cause of action because the lien had been transferred to the bond. This motion was denied.
The motion for summary judgment directed towards count III of the amended complaint was filed on May 6, 1983. Various affidavits regarding amounts due in attorney's fees and costs were attached to the motion for summary judgment. The affidavits indicated that there was approximately $50,000 undistributed by ICC-T, and that there were outstanding liens of approximately $96,000. ICC-T claimed a set off for the cost to complete and correct against the balance held on the original contracts and intended to disburse the remaining balance pro rata on the basis of section 713.06(4)(b), Florida Statutes (1981).
On June 3, 1983, appellee's attorney agreed to entry of the final summary judgment based on pro rata distribution. On June 7, 1983, appellants' attorney sent a supplemental memorandum of law to the court, claiming that the proper statute was section 713.07, Florida Statutes (1981). They sought to file additional affidavits regarding the chronology of the filing of mechanic's liens to determine the priority of payments to the lienors on any undisbursed construction funds in lieu of the theory of pro rata distribution. In addition, updated financial figures on the cost to complete and correct the project were submitted. This new information showed that there was approximately $500 of undistributed funds remaining.
On June 24, 1983, the court denied appellants' motion for leave to file supplemental affidavits and entered a final summary judgment against appellants based on pro rata distribution.
We find that the trial court did not err by ordering pro rata distribution according to section 713.06(4)(b), Florida Statutes. Appellants essentially argued that subdivision liens under sections 713.04 and 713.07 are independent of the other provisions of chapter 713, part I, so that the pro rata distribution provisions of section 713.06(4)(b) could not apply. There is no merit to this argument. Sections 713.04 and 713.07 provide for less restrictive notice requirements for subdivision liens and a means for attaching liens where the improvements were on lands dedicated to the public. Sewer Viewer, Inc. v. Shawnee Sunset Developers, Inc., 454 So.2d 701 (Fla. 2d DCA 1984). There is no alternative method of distribution described in section 713.04, nor 713.07. The rest of chapter 713, part I, except as excluded by sections 713.04 and 713.07, applies to subdivision liens. Sewer Viewer, Inc. v. Shawnee Sunset Developers, Inc. Therefore, the pro rata method of distribution described in section 713.06(4)(b) was properly applied by the trial court in this case.
Appellants' argument that the trial court erred by refusing to allow the filing of supplemental affidavits prior to the entry of a summary judgment must fail. Parties cannot be permitted to assert conflicting affidavits. Grauer v. Occidental Life Insurance Company of California, 363 So.2d 583 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 468 (Fla. 1979).
The failure to attach a copy of the actual surety bond to the complaint does not require dismissal under Rule 1.130(a), Florida Rules of Civil Procedure (1983). Appellee's claim of lien, its validity, and the amount owed is the basis of the suit. The claim of lien was attached to the complaint, and a certificate of clerk of the court verifying the existence of the bond was also attached. The bond is only the security for the claim and not the basis out of which the claim arises. See § 713.24(1), Fla. Stat. (1981) and Resnick Developers South, Inc. v. Clerici, Inc., 340 So.2d 1194 (Fla. 4th DCA 1976).
Appellants also claim that count I, which intended to foreclose against the real *1167 property, should have been dismissed after the mechanic's lien had been transferred to the lien transfer bond pursuant to section 713.24, Florida Statutes (1981). Although this issue has been rendered moot because we are affirming the judgment on the basis of the lien transfer bond in count III, we find that count II should have been dismissed.
Finally, appellants claim that the judgment was improperly entered against the property owner; that the summary judgment should have been entered against The Insurance Company of Florida, but due to clerical error, was not. The summary judgment was based on the lien transfer bond which was issued by The Insurance Company of Florida. That bond released the property owner, ICC-T, from liability. Therefore, we find that the entry of the summary judgment against ICC-T was a clerical error because the judgment is clearly based on the lien transfer bond. On remand, the summary judgment should be corrected to reflect that it is a summary judgment against The Insurance Company of Florida rather than ICC-T.
For the foregoing reasons, we affirm the decision of the trial court. However, we remand to the trial court for correction of the summary judgment. On remand, we also direct that the record reflect that count II is dismissed.
OTT, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.