476 So.2d 1376 (1985)
SOUTHERN CONTRACTOR RENTALS, INC., a Corporation, Appellant,
v.
Roger BRODERICK, an Individual, and State Farm Fire and Casualty Company, a Corporation, Appellees.
No. 84-2208.
District Court of Appeal of Florida, Second District.
October 23, 1985.
*1377 Robert K. Eddy, Robert K. Eddy, P.A., Tampa, for appellant.
Darryl R. Richards of Johnson, Blakely, Pope, Bokor and Ruppel, P.A., Clearwater, for appellees.
CAMPBELL, Judge.
Appellant seeks review of the trial court's final judgment which denied appellant the right to recovery in a mechanic's lien foreclosure where the claim of lien had been transferred to a bond pursuant to section 713.24, Florida Statutes (1983). In deciding this appeal, we are again called upon to consider the interrelation and interaction of sections 713.04 and 713.06, Florida Statutes (1983), as we did in International Community Corporation v. Davis Water and Waste Industries, Inc., 455 So.2d 1164 (Fla. 2d DCA 1984) and Sewer Viewer, Inc. v. Shawnee Sunset Developers, Inc., 454 So.2d 701 (Fla. 2d DCA 1984). We find those cases controlling in regard to our decision here, and based partially on their authority and on the express language of section 713.04, we affirm. In so doing, we find it unnecessary to reach appellees' cross-appeal and, therefore, affirm on that issue also.
Appellee Broderick entered into a contract with a general contractor to perform certain subdivision improvements to real property appellee owned in Pinellas County. Thereafter, the general contractor, on July 11, 1983, entered into a contract with appellant to rent grading equipment to be used in the subdivision improvements.
On August 13, 1983, appellant sent appellee a notice to owner notifying appellee that it was supplying the necessary equipment. Thereafter, appellant recorded a claim of lien on October 21, 1983.
At trial, the evidence established that appellee paid a total of $72,000 directly to the general contractor, which sum represented ninety percent of the original contract price of $80,000. It was further established that appellee paid $19,400 of the total payments to the general contractor after the August 13th notice to owner, but prior to the October 21, 1983 recording of the claim of lien.
Appellee then dismissed the general contractor for faulty performance and retained another general contractor to complete the subdivision improvements.
Thereafter, the original general contractor filed for Chapter 11 Bankruptcy. Appellant was never paid any portion of the equipment rentals due it and, thereafter, filed an action to recover against the bond for unpaid rentals totaling $8,788.50.
Appellee pleaded as an affirmative defense that the payments it made to the general contractor were "proper payments" and that the costs of completing the project by the new general contractor exceeded the balance remaining on the original contract price and, therefore, appellee was not obligated to pay appellant the amount of its claim.
The matter proceeded to final hearing on the issues as joined. The evidence presented at trial supports the findings implicit in the final judgment for appellee that the work performed by the general contractor was so insufficient as to warrant dismissal of the general contractor and, therefore, that it had not been wrongfully terminated. There was evidence indicating that the general contractor ceased doing work on the *1378 project in September 1983, and never returned to the project after that date.
Before discovering the general contractor's insufficient performance, appellee had paid it the $72,000 under the direct contract. As soon as appellee discovered the faulty work, he ceased making payments under the contract.
All payments had been made to the general contractor prior to appellant recording its claim of lien. Those payments, together with the necessary costs to complete the contract, exceeded the original contract price.
Appellant argues that in enacting Florida Statute 713.04, entitled Subdivision Improvements, the legislature failed to make clear whether the "proper payment" requirements of 713.06 were applicable to 713.04. Section 713.04 does away with the notice requirements of 713.06, which require an owner to record a notice of commencement, and a lienor, not in privity with the owner, to send notice to the owner. As a result, appellant argues that there is a question as to whether these two sections of the mechanic's lien statute are separate and distinct, or whether they are to be read and interpreted together.
This argument is contrary to our holdings in International Community Corporation and in Sewer Viewer, wherein we specifically held that sections 713.04 and 713.06 must be interpreted together. It appears, as we held in those cases, that the primary intent of the legislature in enacting 713.04 was to provide for less restrictive notice requirements for subdivision liens. We cannot interpret those sections to imply that in regard to subdivision improvements, an owner would be liable, without limitation, for all liens of subcontractors regardless of the contract price and proper payments thereunder to the contractor.
Appellant argues further that we should determine whether payments were properly made to the contractor by the requirements of 713.06 in regard to the filing of the notice of commencement and a notice to owner. Specifically, appellant argues that once the notice to owner was filed, even though not required, all payments made thereafter would be improper. Again, we cannot agree with appellant's argument. We cannot ignore the specific language of section 713.04, which unequivocably states that "[N]o lien under this section shall be acquired until a claim of lien is recorded. No notice of commencement shall be filed for liens under this section. No lienor shall serve a notice to owner for liens under this section." By reason of these mandatory provisions of section 713.04, the only operative action in regard to proper or improper payments is the recording of the claim of lien. Since all payments to the general contractor were prior to the recording of appellant's claim of lien, they must be considered proper payments. When those payments are added to the amounts necessary to complete the contract, there were no funds remaining available to satisfy appellant's claim of lien. See § 713.01(3), Fla. Stat. (1983); International Community Corporation; Sewer Viewer, Inc.; Meredith v. Lowe's of Florida, Inc., 405 So.2d 1061 (Fla. 5th DCA 1981).
Affirmed.
DANAHY, A.C.J., and LEHAN, J., concur.