PER CURIAM.
Appellant appeals from the entry of a summary judgment which found for appellee Zephyr Egg Company in appellant’s action to enforce a mechanic’s lien. Appellant relies upon section 713.04, Florida Statutes (1983) to excuse its failure to serve a notice to owner as required by section 713.06, Florida Statutes (1983). Appellant’s improvements to the real property in question were not done in regard to subdivision improvements. The trial court, in granting summary judgment for appel-lee Zephyr Egg, ruled that section 713.04 was limited to subdivision improvements. We agree. Royal v. Clemons, 394 So.2d 155 (Fla. 4th DCA 1981). See also Southern Contractor Rentals, Inc. v. Roger Broderick and State Farm Fire and Casualty Company, 476 So.2d 1376 (Fla. 2d DCA 1985); International Community Corporation—Tampa v. Davis Water and Waste Industries, Inc., 455 So.2d 1164 (Fla. 2d DCA 1984), and Sewer Viewer, Inc. v. Shawnee Sunset Developers, Inc., 454 So.2d 701 (Fla. 2d DCA 1984). While the text of section 713.04 does not specifically refer to subdivision improvements, section 713.02 makes it clear that section 713.04 is limited to liens for that kind of work.
Affirmed.
GRIMES, A.C.J., and CAMPBELL and FRANK, JJ., concur.