546 So.2d 1099 (1989)
HODUSA CORPORATION, a Florida Corporation, Appellant,
v.
ABRAY CONSTRUCTION COMPANY, Appellee.
No. 88-01818.
District Court of Appeal of Florida, Second District.
June 23, 1989.
Rehearing Denied August 3, 1989.
*1100 Scott L. Knox of Scott L. Knox, P.A., Clearwater, for appellant.
Ralph P. Mangione of Taub & Williams, P.A., Tampa, for appellee.
FRANK, Judge.
We affirm the trial court's judgment in this matter. Of the six issues raised on appeal, only one merits discussion.
Abray Construction Company contracted with Hodusa Corporation to perform certain improvements upon a subdivision known as "Hodusa Place." Problems ensued, and Abray instituted this lawsuit to, among other things, foreclose its lien. The trial judge ultimately entered final judgment in favor of Abray.
Hodusa now contends that the trial court should have dismissed Abray's suit on the ground that Abray failed to provide Hodusa with the contractor's affidavit referred to in section 713.06(3)(d)1, Florida Statutes (1987). Abray on the other hand claims that it was not required to furnish the affidavit, because subdivision improvements are governed by section 713.04, Florida Statutes, and that section does not include an affidavit requirement applicable to a lienor in privity with the owner.
It is true that the contractor's affidavit requirement is not found in section 713.04 but in section 713.06, entitled "Liens of persons not in privity; proper payments." Hence, at first blush it would seem that no part of section 713.06 would be applicable in the presence of privity; that, however, is not the case. Section 713.05, entitled "Liens of persons in privity," specifically refers to section 713.06(3)(d): "A lienor, except a laborer or materialman, who is in privity with the owner and claims a lien under this section shall furnish the contractor's affidavit required in s. 713.06(3)(d)." In recognition of the interplay of the various sections of the mechanics' lien statutes, our court has held that sections 713.04 and 713.06 must be interpreted together. Southern Contractor Rentals, Inc. v. Broderick, 476 So.2d 1376 (Fla. 2d DCA 1985); International Community Corporation  Tampa v. Davis Water and Waste Industries, Inc., 455 So.2d 1164 (Fla. 2d DCA 1984); Sewer Viewer, Inc. v. Shawnee Sunset Developers, Inc., 454 So.2d 701 *1101 (Fla. 2d DCA 1984). As Judge Boardman wrote in Sewer Viewer, 454 So.2d at 702:
... we consider that the purpose of section 713.04 is simply to provide less restrictive notice requirements for persons who, regardless of privity, are entitled to a lien for subdivision improvements, and to make provision for the attachment of such liens on abutting properties where the improvements are to lands dedicated to the public. We do not consider that the legislature intended to create a separate category of lien for subdivisions in regard to the manner, amount, and extent of a lien perfected under section 713.04.
Thus, because of the privity between Abray and Hodusa, Abray was required by section 713.05 to furnish Hodusa a contractor's affidavit.
Abray's omission, however, does not mandate dismissal of its lawsuit or reversal of the judgment in its favor. Although the furnishing of the affidavit is a condition precedent to bringing an action to foreclose a mechanic's lien, failure to do so does not create a jurisdictional defect. Holding Electric, Inc. v. Roberts, 530 So.2d 301 (Fla. 1988). Thus, Hodusa was required under rule 1.120, Florida Rules of Civil Procedure, to plead nonperformance of the condition precedent "specifically and with particularity." See Davie Westview Developers, Inc. v. BobLin, Inc., 533 So.2d 879 (Fla. 4th DCA 1988). Hodusa's second affirmative defense, captioned "Breach of Contract," asserting that Abray had not fulfilled conditions of the contract in which the contractor's affidavit is merely mentioned does not satisfy the standard prescribed in rule 1.120. Thus, Hodusa has waived this argument.
AFFIRMED.
DANAHY, A.C.J., and PATTERSON, J., concur.