COWART, Judge.
Sections 713.05 and 713.06(3)(d), Florida Statutes, provide that when final payment under a direct contract becomes due the contractor must give the owner an affidavit that all lienors have been paid or naming unpaid lienors and the amounts due. Section 713.06(3)(d)l., Florida Statutes, provides in part:
The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit.
Under this statutory provision, delivery of the required contractor’s affidavit is a condition precedent to the perfection of a mechanics’ lien in favor of the contractor, the occurrence of which must be alleged in the complaint in every action brought by a direct contract contractor to establish and foreclose a mechanics’ lien. The failure to provide such contractor’s lien is not a condition subsequent which must be asserted by the defendant owner as an affirmative defense. A complaint in an action by a contractor in privity with the owner, to establish and foreclose a mechanics’ lien which does not allege the delivery of the contractor’s affidavit, fails to state a cause of action.[1]
We further hold that the failure of the owners to record a notice of commencement as required by section 713.13(l)(a), Florida Statutes, does not relieve the contractor with privity from the consequences of failure to deliver the contractor’s affidavit required by sections 713.05 and 713.-06(3)(d), Florida Statutes. See Stancil v. Gardner, 192 So.2d 340 (Fla. 2d DCA 1966); Babe’s Plumbing, Inc. v. Maier, 194 So.2d 666 (Fla. 2d DCA 1966); see also, 1 Rakusin, Florida Mechanics’ Lien Manual —Ch. 10 pp. 30-33 (1974).
We affirm the trial court’s order directing a verdict in favor of the owners on a count asserting a mechanics’ lien for failure of the contractor under a direct contract to timely serve a contractor's affidavit and to allege and prove such service.
AFFIRM.
PETERSON and GRIFFIN, JJ., concur.

. Florida Rule of Civil Procedure 1.120(c) authorizes a pleading to aver generally that all conditions precedent have been performed or have occurred. In this action the one year period provided in section 713.22, Florida Statutes, for the bringing of an action to foreclose the mechanics’ lien ran before the landowners Lopez raised the issue that the contractor had not served the required contractor's affidavit, therefore, it was too late for the contractor to file the affidavit. The contractor attempted to claim some type of waiver or estoppel results from the owners’ delay in raising the failure of this condition precedent. We do not agree. Under our adversary system of litigation, it is the responsibility of counsel initiating the action to know of all conditions precedent to recovery and to be able to prove their performance or occurrence and not the obligation of defense counsel to call insufficiencies to his opponent’s attention within such time as will permit the timely performance of the condition precedent.