612 So.2d 691 (1993)
PRESTIGE DEVELOPMENT GROUP, INC., a Florida corporation, Appellant,
v.
Donald L. RUSSELL and Debra L. Russell, his wife, Appellees.
No. 91-1497.
District Court of Appeal of Florida, First District.
January 26, 1993.
*692 Jack M. Ross, P.A., Gainesville, for appellant.
Kenneth S. Davis, Gainesville, for appellees.
ALLEN, Judge.
Prestige Development Group, Inc. (Prestige) appeals from a final judgment in a suit in which it sought damages for breach of a construction contract and foreclosure of a mechanic's lien. In that same suit, Donald and Debra Russell, the appellees, successfully counterclaimed for damages, alleging that Prestige had breached the same contract. Although Prestige raises various issues, only two have merit. We conclude (1) that the evidence at trial did not demonstrate a breach of the contract by Prestige, and (2) that the trial court erred in dismissing Prestige's mechanic's lien claim.
Prestige contracted to repair and replace a leaky roof on the Russell's newly constructed house. According to the contract, Prestige agreed to "[i]nstall bituthene roofing materials according to manufacturer's specifications." The contract contained no warranties or guarantees that this roofing material would not leak. Although it is undisputed that the roof does leak, there was no evidence at trial that leaks were caused by Prestige's failure to install the roofing materials according to the manufacturer's specifications. The burden is on the plaintiff in a contract dispute to prove that his damages were caused by a breach of the contract. Knowles v. C.I.T. Corp., 346 So.2d 1042 (Fla. 1st DCA 1977). Because the Russells failed to offer any evidence that their damages were caused by any breach by Prestige of the contract, we must reverse the judgment in favor of the Russells.
Prestige also alleges that the trial court erred in dismissing its mechanic's lien claim for failing to prove service of the contractor's affidavit provided for in section 713.06(3)(d)(1), Florida Statutes. We agree. The supreme court in Ingersoll v. Hoffman, 589 So.2d 223 (Fla. 1991), held that the defendant's failure to plead which condition precedent had not been met "specifically and with particularity" resulted in a waiver of the condition. In this case, Prestige had alleged in its complaint that all conditions precedent under chapter 713 had been satisfied. Although the Russells made a general denial of that allegation, they never raised the issue of the contractor's affidavit until after the close of evidence. Therefore, the Russells waived compliance with that condition, and the trial court erred in dismissing Prestige's mechanic's lien claim on this basis. See Ingersoll; Hodusa Corp. v. Abray Construction Co., 546 So.2d 1099 (Fla. 2d DCA 1989).
The judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.
MINER and KAHN, JJ., concur.