648 So.2d 772 (1994)
T.L. PAULK, Appellant,
v.
Joanne S. PEYTON, Appellee.
No. 93-4075.
District Court of Appeal of Florida, First District.
December 8, 1994.
Rehearing Denied February 8, 1995.
*773 Larry D. Kellar, Pensacola, for appellant.
Thomas M. Brady of Wells, Brown & Brady, P.A., Pensacola, for appellee.
MICKLE, Judge.
This appeal and cross-appeal arise out of an action for breach of contract and foreclosure of a mechanic's lien. Of the several issues raised on appeal, one is dispositive. We conclude the trial court erred in entering summary judgment on the mechanic's lien action, and we reverse and remand for further proceedings.
Appellant T.L. Paulk entered into a combination written and oral contract with appellee Joanne Peyton to perform certain improvements upon real property owned by Peyton. A dispute arose, and Paulk instituted the instant two-count complaint seeking damages for breach of contract and foreclosure of a mechanic's lien. With regard to the mechanic's lien count, Paulk alleged specifically that he had furnished Peyton with a contractor's affidavit stating that all lienors had been paid and generally that all conditions precedent to the filing of this action had been satisfied. In turn, Peyton filed her answer to the complaint. In response to the aforementioned allegations, Peyton averred she was "without knowledge." Additionally, Peyton alleged several affirmative defenses and a two-count counterclaim. In no part of her pleadings did Peyton raise the issue of the sufficiency of the contractor's affidavit furnished her.
Some nine months after the original complaint had been filed and some fourteen months after the claim of lien had been filed with the clerk of the court, Peyton filed a motion to dismiss the action for mechanic's lien on the basis that Paulk had failed to provide her with the original contractor's affidavit and had furnished her instead with a copy thereof. The trial court denied this motion. Then, approximately two months later, Peyton filed a motion for summary judgment on the mechanic's lien action asserting the same grounds alleged in the motion to dismiss. Following a hearing, the trial court entered an order granting the motion for summary judgment, finding that the furnishing of a photocopy of the contractor's affidavit did not comply with the mechanic's lien statute and, therefore, that Paulk had failed to meet a condition precedent to his action to foreclose a mechanic's lien.
Section 713.06(3)(d), Florida Statutes (1987), provides in pertinent part:
(d) When a final payment under a direct contract becomes due the contractor:
1. The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors under his direct contract have been paid in full, or if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit. The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of any action to enforce his lien under this chapter, even if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or not.
The furnishing of a final contractor's affidavit to the owner is a condition precedent to the maintenance of an action to enforce a mechanic's lien. See, Holding Electric, Inc. v. Roberts, 530 So.2d 301 (Fla. 1988). It follows that the defense of nonperformance of this condition precedent must be pled "specifically and with particularity" or it is deemed waived. Fla.R.Civ.P. 1.120(c); Florida Rules of Civil Procedure; Hodusa Corp. v. Abray Construction Co., 546 So.2d 1099 (Fla. 2d DCA 1989). This court has previously held that pleading the defense of failure to give the contractor's affidavit is not accomplished by simply denying the allegation that "all *774 conditions precedent under Chapter 713 have been satisfied." Prestige Development Group, Inc. v. Russell, 612 So.2d 691, 692 (Fla. 1st DCA 1993).
In the case sub judice, Paulk alleged compliance with section 713.06(3)(d), as well as satisfaction of all conditions precedent. As such, it was incumbent upon Peyton, under rule 1.120(c), to plead specifically and with particularity any nonperformance of this condition precedent. Peyton's averment of "without knowledge" did not satisfy the standard prescribed in rule 1.120(c). Consequently, Peyton waived compliance with this condition. Prestige; Davie Westview Developers, Inc. v. Bob-Lin, Inc., 533 So.2d 879 (Fla. 4th DCA 1988), rev. denied, 545 So.2d 1366 (Fla. 1989) (failure to plead specifically and with particularity nonperformance of furnishing of contractor's affidavit constitutes a waiver).
Accordingly, the trial court erred in entering summary judgment thereby extinguishing the mechanic's lien action. We REVERSE and REMAND for further proceedings consistent with this opinion.
KAHN and VAN NORTWICK, JJ., concur.