ORFINGER, J.
Samuel Rivera hired Hammer Head Construction and Development Corporation to make repairs and improvements to a townhouse he owned. After the project was substantially completed, a dispute arose between the parties concerning the amount owed to Hammer Head. As a result, Hammer Head recorded a claim of lien, and then filed suit seeking damages and to foreclose its lien. Hammer Head’s complaint alleged that “all conditions precedent to the filing of this action have occurred, have been performed, or have otherwise been waived or excused.” Rivera’s answer and affirmative defenses responded that he was “without knowledge” as to the accuracy of that allegation.
At trial, the evidence demonstrated that Hammer Head never provided a final contractor’s affidavit to Rivera. At the conclusion of Hammer Head’s case-in-chief, Rivera moved to involuntarily dismiss the lien foreclosure claim, arguing that Hammer Head’s failure to furnish a final affidavit invalidated its lien rights. The trial court denied Rivera’s motion, concluding that Rivera had waived the defense by failing to assert it specifically and with particularity. After judgment was entered in Hammer Head’s favor on both its contract and foreclosure claims, this appeal followed. For the reasons discussed hereafter, we affirm.
Sections 713.05 and 713.06(3)(d), Florida Statutes (2008), provide that when final payment becomes due under a direct contract, the contractor must give the owner a *1191 final payment affidavit in substantially the form prescribed by the statute. Section 713.06(3)(d)l. further provides that “[t]he contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit....” Relying on this Court’s decision in Fort v. Lopez, 580 So.2d 227 (Fla. 5th DCA 1991), Rivera argues that Hammer Head’s failure to provide a final payment affidavit is fatal to its claim. In Fort, we wrote:
[Delivery of the required contractor’s affidavit is a condition precedent to the perfection of a mechanics’ lien in favor of the contractor, the occurrence of which must be alleged in the complaint in every action brought by a direct contract contractor to establish and foreclose a mechanics’ lien. The failure to provide such contractor’s lien is not a condition subsequent which must be asserted by the defendant owner as an affirmative defense. A complaint in an action by a contractor in privity with the owner, to establish and foreclose a mechanics’ lien which does not allege the delivery of the contractor’s affidavit, fails to state a cause of action.
580 So.2d at 228.
Curiously, Fort made no mention of two earlier cases on point, Davie Westview Developers Inc. v. Bob-Lin, Inc., 533 So.2d 879 (Fla. 4th DCA 1988), and Hodusa Corp. v. Abray Construction Co., 546 So.2d 1099 (Fla. 2d DCA 1989). In Davie, the court held that while a contractor’s affidavit is a condition precedent to bringing an action to foreclose a construction lien, the failure of the defendant property owner to plead specifically and with particularity the contractor’s non-performance of that condition as required by Florida Rule of Civil Procedure 1.120(c) constitutes a waiver of the condition or defense. Similarly, the Hodusa court recognized that furnishing an affidavit is a condition precedent to bringing an action to foreclose a mechanic’s lien, but failure to do so does not create a jurisdictional defect. Hodusa, 546 So.2d at 1101 (citing Holding Elec., Inc. v. Roberts, 530 So.2d 301 (Fla.1988)). The court also held that Hodusa was required under rule 1.120 to plead nonperformance of the condition precedent ‘specifically and with particularity’ and its failure to do so waived its right to assert that defense. Id. In Ingersoll v. Hoffman, 589 So.2d 223 (Fla.1991), the supreme court implicitly resolved the conflict by adopting the rule articulated in Hodusa and Davie, writing that “[i]f ... the defendant does not deny the satisfaction of the preconditions specifically and with particularity, then the plaintiffs allegations are assumed admitted, and the defendant cannot later assert that a condition precedent has not been met.” 589 So.2d at 225 (quoting Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982)).
Thus, we conclude that Fort has been abrogated by Ingersoll. Consequently, the trial court was correct when it denied Rivera’s motion for an involuntary dismissal of Hammer Head’s lien foreclosure claim. We find no merit in the remaining issues asserted by Rivera. The judgment is affirmed.
AFFIRMED.
PALMER, C.J. and SAWAYA, J., concur.