# Third District Court of Appeal

## State of Florida

Opinion filed June 5, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-318
Lower Tribunal No. 17-14452
_____

**Hotel La Petite Muse, LLC,**
Appellant,

vs.

**Verzura Construction, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

ALGO Law Firm, LLP, and Harvey J. Sepler, for appellant.

Crabtree & Auslander, and John G. Crabtree, Charles M. Auslander and Brian C. Tackenberg, for appellee.

Before LOGUE, C.J., and LINDSEY and GORDO, JJ.

GORDO, J.

Hotel La Petite Muse, LLC ("HLP") appeals an amended final judgment in favor of Verzura Construction, Inc. ("Verzura"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Finding competent substantial evidence for the trial court's factual findings and no error in its conclusions of law, we affirm.

"We review a judgment rendered after a bench trial to ensure that the trial court's findings of fact are supported by competent, substantial evidence." Haas Automation, Inc. v. Fox, 243 So. 3d 1017, 1023 (Fla. 3d DCA 2018). "[F]indings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous." de Holguin v. Godin, 367 So. 3d 1286, 1288-89 (Fla. 3d DCA 2023) (quoting Universal Beverages Holdings, Inc. v. Merkin, 902 So. 2d 288, 290 (Fla. 3d DCA 2005)).

On appeal, HLP argues[1] the trial court erred in entering a lien foreclosure judgment in favor of Verzura because the construction lien failed to satisfy the statutory requriements. HLP specifically contends Verzura failed to deliver a valid and enforceable final construction affidavit.

After hearing extensive evidence during a four-day bench trial, the trial court in this case found that Verzura had met all prerequisites to filing a claim of lien and had presented uncontroverted testimony from its expert witnesses

---

[1] We affirm the other issues raised by HLP without further discussion.

that its construction lien was valid and that the amounts stated were accurate. While HLP argues the construction affidavit was incomplete, we find there is competent substantial evidence to support the trial court's conclusions and to support Verzura's argument that HLP waived the defense.[2] See Dreyfuss v. Dreyfuss, 701 So. 2d 437, 440 (Fla. 3d DCA 1997) (holding that "it is the duty of this court" to affirm trial court findings that are supported by competent substantial evidence); Davie Westview Devs., Inc. v. Bob-Lin, Inc., 533 So. 2d 879, 880 (Fla. 4th DCA 1988) ("The furnishing of a contractor's affidavit is a condition precedent to bringing an action to foreclose a mechanic's lien . . . Appellant's failure to plead specifically and with particularity appellee's nonperformance of this condition precedent as required by rule 1.120(c), Florida Rules of Civil Procedure, constitutes a waiver."); Rivera v. Hammer Head Constr. & Dev. Corp., 14 So. 3d 1190, 1191 (Fla. 5th DCA 2009) ("While a contractor's affidavit is a condition precedent to bringing an action to foreclose a construction lien, the failure of the defendant property owner to plead specifically and with particularity the contractor's non-performance of that condition as required by Florida Rule of Civil Procedure 1.120(c) constitutes a waiver of the condition or defense."); Hodusa Corp. v. Abray Constr. Co., 546 So. 2d 1099,

---

[2] HLP first raised the insufficiency of the affidavit in its motion for rehearing.

3

1101 (Fla. 2d DCA 1989) (finding the owner was required to "plead nonperformance of the condition precedent" and its failure to do so constituted a waiver of the defense).

Affirmed.