589 So.2d 223 (1991)
John INGERSOLL, et ux., Petitioners,
v.
Warren HOFFMAN, D.D.S., Respondent.
No. 76333.
Supreme Court of Florida.
September 26, 1991.
Rehearing Denied December 12, 1991.
Kenneth P. Liroff, Fort Lauderdale, Brian Hersh, Miami, and Larry Klein of Klein & Walsh, P.A., West Palm Beach, for petitioners.
G. Bart Billbrough and Geoffrey B. Marks of Walton, Lantaff, Schroeder & Carson, Miami, for respondent.
GRIMES, Justice.
We review Ingersoll v. Hoffman, 561 So.2d 324 (Fla. 3d DCA 1990), in which the court certified to be of great public importance the following question:
DOES THE FAILURE TO COMPLY WITH THE PRELITIGATION NOTICE REQUIREMENTS OF SECTION 768.57 DEPRIVE THE TRIAL COURT OF SUBJECT MATTER JURISDICTION OF A DENTAL MALPRACTICE ACTION, OR MAY THE LACK OF SUCH NOTICE BE EXCUSED BY A SHOWING OF ESTOPPEL OR WAIVER?
Id. at 325 n. 1. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
The Ingersolls filed a dental malpractice suit against Howard Hoffman, D.D.S. The following day, they amended the complaint to join as a defendant Howard's brother, Warren Hoffman, D.D.S., and ultimately dismissed Howard Hoffman from the suit. On the day of the trial, Warren Hoffman filed a motion to dismiss, alleging that he had not been served with a notice of intent *224 to initiate litigation for medical malpractice as required by section 768.57, Florida Statutes (1987). At the hearing, it was developed that the only notice of intent had been sent to Howard Hoffman. Warren Hoffman testified that he worked as an associate of his brother at a dental corporation known as Hoffman Dental Studio. The Ingersolls argued that under the circumstances adequate notice had been given to Warren Hoffman. The Ingersolls' attorney pointed out that prior to filing the complaint he had received correspondence from an insurance claims representative on behalf of "Hoffman Dental Studio/Warren Hoffman," acknowledging that a claim had been made and requesting discovery information under section 768.57. The day after suit was filed, the claims representative advised him that Warren Hoffman, rather than Howard Hoffman, was the treating dentist.
The trial court dismissed the suit for failure to provide the notice of intent required by section 768.57. Relying on its previous decisions that the notice requirement of section 768.57 is jurisdictional, the district court of appeal affirmed. The court also noted that no certificate of good faith had ever been supplied with respect to Warren Hoffman as required by section 768.495(1), Florida Statutes (1987).
The certified question was partially answered by this Court's recent decision in Hospital Corp. of America v. Lindberg, 571 So.2d 446 (Fla. 1990), in which we held that the failure to follow the presuit notice and screening requirements of section 768.57 and the presuit investigation and certification requirements of section 768.495(1) is not jurisdictional. With respect to the balance of the certified question, we hold the failure to comply with the prelitigation notice requirements of section 768.57 may be excused by a showing of estoppel or waiver. See Solimando v. International Medical Centers, 544 So.2d 1031 (Fla. 2d DCA), review dismissed, 549 So.2d 1013 (Fla. 1989).
There remains the question of whether there was an estoppel or waiver in this case. The presuit notice and screening requirements of section 768.57 represent more than mere technicalities. The legislature has established a comprehensive procedure designed to facilitate the amicable resolution of medical malpractice claims. To suggest that the requirements of the statute may be easily circumvented would be to thwart the legislative will.
While it is clear that Warren Hoffman and his insurance carrier were aware that the Ingersolls were making a claim against him, mere knowledge of a potential claim cannot constitute a waiver or estoppel. We do not have to decide whether the exchange of correspondence between the claims representative and the Ingersolls' attorney could suffice for this purpose, because we conclude that Warren Hoffman waived the Ingersolls' failure to comply with section 768.57 by failing to timely raise the issue in his pleadings.
The amended complaint contained a specific allegation that the Ingersolls had complied with all conditions precedent to the filing of the suit. It is clear that compliance with the requirements of section 768.57 was a condition precedent. See Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1022 (Fla. 1979) (notice provisions for waiver of sovereign immunity suits are conditions precedent). In his answer, Warren Hoffman made only a general denial of the allegation of compliance with all conditions precedent. The answer contained no reference to the Ingersolls' failure to comply with section 768.57. Florida Rule of Civil Procedure 1.120(c) provides:
(c) Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.
A general denial is not one "made specifically and with particularity."
In Hodusa Corp. v. Abray Construction Co., 546 So.2d 1099 (Fla. 2d DCA 1989), the defendant sought to have a mechanic's lien *225 suit dismissed for failure to provide the contractor's affidavit required by section 713.06(3)(d)(1), Florida Statutes (1987). In rejecting this contention, the court said:
Abray's omission, however, does not mandate dismissal of its lawsuit or reversal of the judgment in its favor. Although the furnishing of the affidavit is a condition precedent to bringing an action to foreclose a mechanic's lien, failure to do so does not create a jurisdictional defect. Holding Electric, Inc. v. Roberts, 530 So.2d 301 (Fla. 1988). Thus, Hodusa was required under rule 1.120, Florida Rules of Civil Procedure, to plead nonperformance of the condition precedent "specifically and with particularity." See Davie Westview Developers, Inc. v. BobLin, Inc., 533 So.2d 879 (Fla. 4th DCA 1988). Hodusa's second affirmative defense, captioned "Breach of Contract," asserting that Abray had not fulfilled conditions of the contract in which the contractor's affidavit is merely mentioned does not satisfy the standard prescribed in rule 1.120. Thus, Hodusa has waived this argument.
Id. at 1101. The Fourth District Court of Appeal reached a similar conclusion in Davie Westview Developers, Inc. v. Bob-Lin, Inc., 533 So.2d 879 (Fla. 4th DCA 1988), review denied, 545 So.2d 1366 (Fla. 1989).
Federal Rule of Civil Procedure 9(c) is the same as Florida Rule of Civil Procedure 1.120(c). In Jackson v. Seaboard Coast Line Railroad Co., 678 F.2d 992 (11th Cir.1982), the plaintiffs generally alleged meeting all conditions precedent to the filing of an employment discrimination action. The defendant did not specifically deny the occurrence of any condition precedent. On this subject, the court said:
If ... the defendant does not deny the satisfaction of the preconditions specifically and with particularity, then the plaintiff's allegations are assumed admitted, and the defendant cannot later assert that a condition precedent has not been met.
Id. at 1010.
We do not suggest that under appropriate circumstances a defendant could not amend the answer so as to specifically deny the performance of a condition precedent. The test as to whether an amendment to a pleading should be allowed is whether the amendment will prejudice the other side. Horacio O. Ferrea N. Am. Div., Inc. v. Moroso Performance Prods., Inc., 553 So.2d 336 (Fla. 4th DCA 1989); Lasar Mfg. Co. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983). Had Hoffman timely raised the defense of failure to follow the requirements of section 768.57, the Ingersolls could have attempted to comply with the statute within the period of the statute of limitations. An amendment to Hoffman's pleadings after the statute of limitations had run would have unfairly prejudiced the Ingersolls.
We quash the decision below and remand for further proceedings.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, KOGAN and HARDING, JJ., concur.