764 So.2d 653 (2000)
Juanice MANGUM, Appellant,
v.
Jack SUSSER and Todlee Corp., a Florida corporation, Appellees.
No. 1D99-2644.
District Court of Appeal of Florida, First District.
May 15, 2000.
*654 Barry A. Bobek, Jacksonville, for Appellant.
Fred Tromberg and James A. Kowalski, Jr., of Tromberg & Safer, Jacksonville, for Appellee Todlee Corp.
WEBSTER, J.
Appellant seeks review of an adverse summary final judgment in her action seeking damages for nonpayment of rent. Concluding that the defenses upon which appellee Todlee Corp. relied in its motion seeking summary judgment were never properly pleaded and that, on the merits, genuine issues exist as to material facts, we reverse and remand.
Appellant filed an action seeking possession of commercial rental property allegedly being used by Todlee, and damages in the form of either unpaid back rent or mesne profits measured by the fair rental value. Todlee subsequently vacated the property, mooting the claim for possession. Todlee filed a motion for summary judgment, asserting that it was entitled to judgment as a matter of law because (1) the notice to vacate given by appellant was defective, (2) the alleged oral lease agreement upon which appellant's damage claim was alternatively based was unenforceable because of the statute of frauds, and (3) the alleged assignment of the claim for unpaid rent from a former owner to appellant was "unlawful." The trial court agreed that the notice to vacate was defective and, accordingly, entered a final summary judgment in favor of Todlee. (Actually, the summary judgment was entered in favor of both Todlee and Jack Susser. However, Susser was not a party at the time summary judgment was entered, and is not a party here.) This appeal follows.
Appellant argues, correctly, that, subject to certain exceptions not applicable here, affirmative defenses not alleged in *655 the answer are deemed waived. Fla. R. Civ. P. 1.140(b) & (h). See Bilow v. Benoit, 519 So.2d 1114 (Fla. 1st DCA 1988). Moreover, nonperformance of a condition precedent (i.e., proper notice to vacate) must be pled "specifically and with particularity," or it will be deemed waived, as well. Fla. R. Civ. P. 1.120(c). See Ingersoll v. Hoffman, 589 So.2d 223 (Fla.1991). Todlee did not include in its answer either of the affirmative defenses upon which it relied in its summary judgment motion, and did not plead non-occurrence of the condition precedent of proper notice to vacate. Because appellant objected on that basis and Todlee did not seek leave to amend its answer, Todlee was precluded from relying upon any of those grounds. Even if we assume, however, that those matters had been properly raised by an appropriate pleading, Todlee was not entitled to summary judgment.
As to the notice issue, Todlee had vacated the property, mooting the claim for possession. That left only appellant's damage claims, which were made pursuant to chapters 66 and 83, Florida Statutes. Nothing in either chapter conditions a claim for damages upon service of a proper notice to vacate. Therefore, summary judgment was not appropriate on that ground.
As to the statute of frauds issue, appellant argues, again correctly, that an oral lease pursuant to which rent is payable monthly is deemed to be a month-to-month tenancy at will. § 83.01, Fla. Stat. (1997). Such a lease does not violate the statute of frauds merely because it continues in effect for more than a year. Review of the record satisfies us that genuine issues of material fact exist as to whether an oral lease existed and, if so, whether it was a month-to-month tenancy at will.
Finally, as to the "unlawful" assignment issue, Todlee has cited no authority (and our own research has found none) which requires, as Todlee contends, that the assignment be in writing to be "lawful." Again, our review of the record satisfies us that genuine issues of material fact exist as to whether the prior owner of the property orally assigned to appellant any claim he might have had against Todlee.
In summary, we hold that the summary final judgment was erroneously entered. Accordingly, it is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
MINER and LAWRENCE, JJ., CONCUR.