765 So.2d 124 (2000)
BUCK LAKE ALLIANCE, INC., Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF LEON COUNTY, Florida and Elliott & Russell Development, Inc., Appellees.
No. 1D99-1750.
District Court of Appeal of Florida, First District.
June 19, 2000.
Rehearing Denied July 21, 2000.
*125 Thomas G. Tomasello of Thomas G. Tomasello, P.A., Tallahassee, for Appellant.
Herbert W.A. Thiele; William B. Graham of Graham Moody & Sox, P.A., Tallahassee, for Appellee Board of County Commissioners; M. Stephen Turner and Gail E. Ferguson of Broad and Cassel, Tallahassee, for Appellee Elliott & Russell Development, Inc.
Frank A. Shepherd, Miami, for Amicus Curiae Pacific Legal Foundation; Terrell K. Arline, Legal Director, Tallahassee, for Amicus Curiae 1000 Friends of Florida, Inc., and Florida Wildlife Federation.
WEBSTER, J.
Appellant seeks review of a summary final judgment entered against it on its action challenging, pursuant to section 163.3215, Florida Statutes (1997), a development order as inconsistent with the Tallahassee-Leon County Comprehensive Plan. Because the trial court incorrectly concluded that (1) consistency with the comprehensive plan was to be determined by reference to whether the implementing ordinances had been complied with, rather than to whether the policies, goals and objectives of the plan, itself, had been met; and (2) the action was barred by collateral estoppel because the Tallahassee-Leon County Planning Commission had previously determined in a quasi-judicial proceeding that all applicable land use and development ordinances had been satisfied; *126 we reverse, and remand for further proceedings.
Appellee Elliott & Russell Development, Inc., submitted to Leon County an application for site and development plan review of a proposed development called Marsh Landing. The application was eventually approved by the development review committee subject to certain conditions. Appellant and others then filed with the Tallahassee-Leon County Planning Commission a petition requesting formal proceedings. Following a quasi-judicial hearing, the Planning Commission issued an order denying the proposed plan because the traffic concurrency evaluation failed to include traffic from a vested project and there was no management plan for wood storks (an endangered species) on the property. The Planning Commission concluded that the proposal did comply with all other applicable land use and development ordinances. Appellant and Elliott & Russell both filed petitions seeking review by appellee Board of County Commissioners of Leon County. After reviewing the record of the proceedings before the Planning Commission, the County Commission overturned the Planning Commission's decision by a four-to-three vote. The County Commission issued a one-page order affirming the findings of the Planning Commission except for those relating to traffic concurrency, and directing the Planning Commission to approve the site and development plan application subject to the submission and approval of a satisfactory wood stork management plan.
On July 17, 1997, appellant delivered to the County Commission a document titled "Verified Complaint Pursuant to Section 161[sic].3215, Florida Statutes." On July 29, 1997, the County Commission rejected appellant's complaint. Appellant filed the action which is the subject of this appeal on August 27, 1997.
Appellant's complaint was premised on section 163.3215, Florida Statutes (1997), a part of the Local Government Comprehensive Planning and Land Development Regulation Act. Ch. 163, pt. II, Fla. Stat. (1997). To the extent pertinent, section 163.3215 reads:
(1) Any aggrieved or adversely affected party may maintain an action for injunctive or other relief against any local government to prevent such local government from taking any action on a development order, as defined in s. 163.3164, which materially alters the use or density or intensity of use on a particular piece of property that is not consistent with the comprehensive plan adopted under this part.
In its complaint, appellant alleged that the development order approving the proposed development conflicted with the Tallahassee-Leon County Comprehensive Plan in several respects.
Appellees eventually filed a motion seeking either summary judgment or a judgment on the pleadings. Among other arguments, they maintained that the action was barred because the complaint filed by appellant with the County Commission in an effort to comply with the condition precedent to the right to file an action set out in section 163.3215(4), Florida Statutes (1997), had not been "verified" as required, and by collateral estoppel because of the previous proceedings before the Planning Commission. Appellant responded that "there [wa]s no requirement that the complaint be sworn under oath," and that collateral estoppel could not be argued as a basis for summary judgment or a judgment on the pleadings because it had not been raised as an affirmative defense. The trial court ultimately granted the motion for summary judgment, concluding that (1) consistency with the comprehensive plan was to be determined by reference to whether the implementing ordinances had been complied with, rather than to whether the policies, goals and objectives of the comprehensive plan, itself, had been met; and (2) because the Planning Commission had previously determined in a quasi-judicial proceeding *127 that the proposed development was in compliance with all applicable land use and development ordinances, collateral estoppel barred appellant from relitigating the issue. This appeal follows.
Section 163.3215(1), Florida Statutes (1997), authorizes "an action ... against any local government to prevent such local government from taking any action on a development order ... which materially alters the use or density or intensity of use on a particular piece of property that is not consistent with the comprehensive plan...." The inconsistencies between the development order and the comprehensive plan alleged in appellant's complaint appear to involve matters in addition to "use or density or intensity of use." However, nobody has argued, either in the trial court or here, that the claims made by appellant are not cognizable pursuant to section 163.3215. Accordingly, we express no view on that issue.
Appellant argues that appellees waived their right to rely on collateral estoppel as a defense because they did not raise it as an affirmative defense in their answer. We agree with the trial court that the allegation raised in the third affirmative defense that "[r]es judicata and judicial economy preclude[d] and estop[ped] [appellant] from disputing or litigating facts and issues that have already been fully litigated and decided between the same parties in a separate forum" was sufficient to place appellant on notice that collateral estoppel would be relied on by appellees.
The trial court reached its decision to grant the motion for summary judgment by a two-step analysis. It first determined that, for purposes of section 163.3215, consistency with the comprehensive plan was to be determined by reference to whether the implementing ordinances adopted by the county had been complied with, rather than to whether the policies, goals and objectives of the comprehensive plan, itself, had been met. It then looked to the order of the Planning Commission and, seeing that the Planning Commission had already determined in a quasi-judicial proceeding that all applicable land use and development ordinances had been satisfied, concluded that collateral estoppel prevented appellant from again litigating the issue of compliance with those ordinances. This was error.
Section 163.3194(3)(a), Florida Statutes (1997), which is also a part of the Local Government Comprehensive Planning and Land Development Regulation Act, states that
"[a] development order ... shall be consistent with the comprehensive plan if the land uses, densities or intensities, and other aspects of development permitted by such order ... are compatible with and further the objectives, policies, land uses, and densities or intensities in the comprehensive plan and if it meets all other criteria enumerated by the local government."
It seems to us that the clear meaning of this provision is that compliance of a development order with the comprehensive plan is to be determined by reference to "the objectives, policies, land uses, and densities and intensities in the comprehensive plan," itself; and not by reference to ordinances purportedly adopted to implement the plan. We have previously held as much. Franklin County v. S.G.I. Limited, 728 So.2d 1210 (Fla. 1st DCA 1999) (concluding that a county properly denied an application for site-plan approval based upon a determination that the proposed development would be inconsistent with "general objectives and policies" in the comprehensive plan). It is clear from the record that neither the Planning Commission nor the County Commission has ever ruled on the claims regarding inconsistency between the development order and the comprehensive plan made by appellant in the trial court. Accordingly, the trial court erred when it concluded that collateral estoppel prevented appellant from litigating those claims.
Appellees argue that, even if the trial court's ruling regarding collateral estoppel *128 was error, affirmance is appropriate because the complaint filed by appellant with the County Commission in an effort to comply with the condition precedent to the right to file an action set out in section 163.3215(4), Florida Statutes (1997), had not been "verified" as required by that statute. The trial court rejected this argument, as do we. Nonperformance of a condition precedent must be pled "specifically and with particularity," or it will be deemed waived. Fla. R. Civ. P. 1.120(c). See Ingersoll v. Hoffman, 589 So.2d 223 (Fla.1991); Mangum v. Susser, 764 So.2d 653 (Fla. 1st DCA 2000). Appellees did not plead nonperformance of the condition precedent of filing a properly "verified" complaint with the County Commission, and did not seek leave to amend their answers to do so. Accordingly, they are precluded from relying on that ground.
In summary, we hold that the trial court incorrectly concluded that (1) consistency with the comprehensive plan was to be determined by reference to whether the implementing ordinances had been complied with, rather than to whether the policies, goals and objectives of the plan, itself, had been met; and (2) the action was barred by collateral estoppel because the Planning Commission had previously determined in a quasi-judicial proceeding that all applicable land use and development ordinances had been satisfied. Accordingly, we reverse the summary final judgment, and remand for further proceedings consistent with this opinion. In light of this disposition, we find it unnecessary to address the other issues raised by appellant.
REVERSED and REMANDED, with directions.
MINER and LAWRENCE, JJ., CONCUR.