CANADY, Judge.
In this case involving a dispute arising under chapter 723, Florida Statutes (2004), the Florida Mobile Home Act, Sun Valley Homeowners, Inc., appeals the final summary judgment in favor of Anerican Land Lease, Inc., and Asset Investors Operating Partnership, L.P. (collectively referred to as American Land Lease), the owner and operator of Sun Valley Estates, a mobile home park in Pinellas County. The summary judgment was based on the circuit court’s ruling that Sun Valley Homeowners was without legal authority to bring suit on behalf of the homeowners residing in Sun Valley Estates. Because we conclude that the circuit court correctly determined that Sun Valley Homeowners had not complied with a statutory provision that a homeowners’ association has standing to bring suit under chapter 723 only if the association has obtained the written consent of a majority of the homeowners, we affirm.
In its motion for summary judgment, Anerican Land Lease challenged the status of Sun Valley Homeowners as a homeowners’ association established under the requirements of section 723.075. The motion also challenged Sun Valley Homeowners’ compliance with the standing requirement set forth in section 723.037(1). The circuit court ruled that American Land Lease was entitled to summary judg *261 ment on both grounds. In view of our conclusion that the trial court correctly granted the summary judgment- on the basis of Sun Valley Homeowners’ failure to comply with section 723.037(1), we will not address the challenge based on section 723.075.
Before discussing the requirement set forth in section 723.037(1) and its application to this case, we will address Sun Valley Homeownets’ 'claim — which we reject — that American Land Lease waived the issue of Sun Valley Homeowners’ compliance with section 723.037(1) by failing to raise the issue in its answer to Sun Valley Homeowners’ complaint.

Waiver of the Lack of Capacity to Sue Issue

Sun Valley Homeowners’ amended complaint contained an allegation in paragraph 2 that Sun Valley Homeowners was “operating as a [hjomeowners [association” under chapter 723 and was “acting on behalf of all mobile homeovmers in the [Sun Valley Estates Mobile Home] Park concerning a matter of common interest.” The amended complaint alleged in paragraph '4 that at a meeting on a specified date, “an overwhelming majority of [Sun Valley Homeowners’] members supported [Sun Valley Homeowners’] bringing this action.” In its answer, American Land Lease responded to the allegations in paragraphs 2 and 4 by stating: “Without knowledge and therefore denied.” None of the affirmative defenses stated in the answer made reference to Sun Valley Homeowners’ standing or capacity to bring suit in a representative capacity.
At the hearing on American Land Lease’s motion for summary judgment, counsel for Sun Valley Homeowners argued that the issues presented in the motion “were not raised in their [a]nswers [and] [a]ffirmative [d]efenses.” Counsel for Sun Valley Homeowners further argued: “I believe that under Rule 1.140(b), Florida Rule of Civil Procedure, they are precluded from raising these issues at this particular time.” Counsel for American Land Lease argued in response that the owner had raised the issue by way of a specific negative averment in answering paragraph 2 of the amended complaint: “We stated we were without knowledge which is of course a denial.” Counsel for Sun Valley Homeowners then stated to the court that “you will find absolutely nothing regarding lack of standing or any standing issue” in the answer or affirmative defenses.
The trial court’s response to argument of counsel was twofold. First, the court observed that “[without knowledge is a denial with respect to that issue.”. Second, the court pointed out to counsel for Sun Valley Homeowners that “the [summary judgment] motion itself .:. puts you on notice” and that “the real question is whether or not you are prejudiced and surprised here today which doesn’t bear into your argument.” Counsel for Sun Valley Homeowners made no response to the court’s comments.
Florida Rule of Civil Procedure 1.120(a) provides,'"in pertinent part, that “,[w]hen a party desires to raise- an issue as to the ... authority of a party to sue ... in a • representative ' capacity, that party shall do so by specific negative averment which shall include such supporting particulars as are peculiarly within the pleader’s knowledge.” The Author’s Comment with respect to this provision states: “Lack of capacity must be raised ... by specific negative averment (not merely by pleading lack of knowledge).” The view expressed in this commentary that pleading lack of knowledge is not sufficient to raise the issue of capacity-to sue follows the federal case law interpreting Federal Rule of Civil Procedure 9(a)¡ from which rule 1.120(a) is *262 derived. See Plumbers Local Union No. 519 v. Serv. Plumbing Co., 401 F.Supp. 1008, 1011 (S.D.Fla.1975) (stating that defendant’s “deni[al of] its knowledge of plaintiffs’ capacity ... is insufficient to raise the issue of plaintiffs’ capacity”); Tractortechnic Gebrueder Kulenkempft & Co. v. Bousman, 301 F.Supp. 153, 155 (E.D.Wis.1969) (“A mere denial of information is not the equivalent of a specific negative averment.”). We agree that a denial based on lack of knowledge is not sufficient to state a “specific negative averment.”
It is unquestionable that a failure to comply with the requirement of rule 1.120(a) for a specific negative averment may result in a waiver of the capacity issue that precludes a party from raising the issue subsequently. See McDonough Equip. Corp. v. Sunset Amoco West, Inc., 669 So.2d 300 (Fla. 3d DCA 1996). It is equally unquestionable that a party’s failure to make a specific negative averment in an answer may — in appropriate circumstances — be remedied by a subsequent pleading. This flows from the provisions of Florida Rule of Civil Procedure 1.190, under which “[l]eave of court [to amend pleadings] shall be given freely when justice so requires,” rule 1.190(a), and “the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties,” rule 1.190(e).
Rule 1.120(c) contains a provision similar to the “specific negative averment” requirement of rule 1.120(a). Under rule 1.120(c), “[a] denial of performance or occurrence [of a condition precedent] shall be made specifically and with particularity.” (Emphasis added.) In Ingersoll v. Hoffman, 589 So.2d 223 (Fla.1991), a medical negligence case, the court considered whether a defendant had failed to comply with the requirement of rule 1.120(c) and had thereby waived the right to subsequently challenge the plaintiffs’ failure to satisfy a condition precedent to bringing suit. At issue was the plaintiffs’ failure to comply with the applicable medical malpractice prelitigation notice requirements. The plaintiffs’ complaint “contained a specific allegation that the [plaintiffs] had complied with all conditions precedent to the filing of the suit.” Id. at 224. “In his answer, [the defendant] made only a general denial of the allegation of compliance with all conditions precedent. The answer contained no reference to the [plaintiffs’] failure to comply with [the applicable pre-suit notice requirements].” Id. The court held that such a general denial was not sufficient to meet the requirement of rule 1.120(c): “A general denial is not one ‘made specifically and with particularity.’ ” Id.
The court went on to hold that the defendant’s failure to comply with the requirements of rule 1.120(c) had resulted in the waiver of the issue by the defendant. In reaching this conclusion, the court focused on the existence of prejudice to the plaintiff resulting from the raising of the issue after the statute of limitation had run. The court stated: “We do not suggest that under appropriate circumstances a defendant could not amend the answer so as to specifically deny the performance of a condition precedent. The test as to whether an amendment to a pleading should be allowed is whether the amendment will prejudice the other side.” Id. at 225.
The Ingersoll court’s focus on prejudice is consistent with rule 1.190’s policy of permitting liberal amendment of pleadings.
Public policy favors the liberal amendment of pleadings so that cases can be tried on their merits. [Rule] 1.190 provides that ‘leave of court [to amend *263 pleadings] shall be given freely when justice so requires.’ ... The failure to permit amendment constitutes an abuse of discretion unless it clearly appears the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.
EAC USA, Inc. v. Kawa, 805 So.2d 1, 5 (Fla. 2d DCA 2001) (citations omitted). “A denial of leave to amend a pleading is an abuse of discretion where the proffered amendment indicates that a plaintiff can state a cause of action. The same holds true where a defendant demonstrates he could prevail with the assertion of a properly available defense.” Wayne Creasy Agency, Inc. v. Maillard, 604 So.2d 1235, 1236 (Fla. 3d DCA 1992) (citations omitted).
In the instant case, the trial court erred in stating that the answer contained a specific negative averment concerning Sun Valley Homeowners’ capacity to sue in a representative capacity. But the trial court remedied this error by focusing on the absence of any showing of prejudice to Sun Valley Homeowners. In effect, after first ruling that the denial in the answer was a sufficient specific negative averment, the trial court then ruled that, in any event, Sun Valley Homeowners had failed to establish that it was prejudiced by American Land Lease’s raising the capacity to sue issue in its motion for summary judgment. In doing so, the trial court effectively treated the summary judgment motion as encompassing a motion for leave to amend. See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir.1993) (affirming action of trial court which “construed [defendant’s] summary judgment motion also as a motion to amend” to assert the statute of limitations as an affirmative defense). Because there was no effect “[on] the substantial rights of the parties,” the trial court was justified in “disregarding]” the technical “defect” in American Land Lease’s pleading. Rule 1.190(e).
Sun Valley Homeowners has at no point — either before the trial court or in this appeal — presented any argument that it was prejudiced by American Land Lease’s raising the capacity issue in its motion for summary judgment. Indeed, when the trial court raised the issue of prejudice, Sun Valley Homeowners’ counsel stood mute. Since Sun Valley Homeowners failed in the trial court proceedings to make any showing of prejudice, the trial court properly permitted American Land Lease to raise the capacity to sue issue by way of the motion for summary judgment.

The Standing Requirement of Section 723.037(1)

Section 723.037 deals with the resolution of disputes concerning “any increase in lot rental amount or reduction in services or utilities provided by the park owner or change in rules and regulations.” § 723.037(1). The statute begins with a requirement that a park owner give advance written notice of such increases in rental amount, reductions in services or utilities, or changes in rules and regulations. The statute outlines a process for conducting meetings for the discussion of disputes. § 723.037(4). The statute also sets forth the process for the initiation of formal mediation. § 723.037(5). The details of the mediation process are set forth in section 723.038. Section 723.0381 authorizes the filing of actions in circuit court when mediation has failed.
 The question at issue here turns on the interpretation of the concluding sentence of section 723.037(1), which states: “The homeowners’ association shall have no standing to challenge the increase in lot rental amount, reduction, in services or utilities, or change of rules or regulations *264 unless a majority of the affected homeowners agree, in writing, to such representation.” (Emphasis added.) Sun Valley Homeowners argues that this provision of the statute applies to challenges raised in mediation proceedings but not to challenges brought by filing suit in circuit court. The undisputed facts before the trial court established that a majority of the affected homeowners had not agreed in writing to being represented by Sun Valley Homeowners in the lawsuit against American Land Lease. Accordingly, if the standing requirement of section 723.037(1) applies to lawsuits, the trial court correctly determined as a matter of law that Sun Valley Homeowners did not have standing to bring suit.
Section 723.037(1) does two things. First, it sets forth the notice requirements imposed on park owners with respect to rental increases, reductions in services or utilities, and changes in rules and regulations. Second, it sets forth the standing requirement imposed on homeowners’ associations which seek to “challenge” such an action by park owners. The legislature quite logically chose to begin the statutory provisions governing disputes between park owners and homeowners with the notice requirements imposed on park owners and the standing requirement for the participation of homeowners’ associations in such disputes.
Under the statutory scheme, the filing of a lawsuit constitutes a “challenge” to which the standing requirement of section 723.037(1) applies. The verb challenge means “to take exception to” or to “call in question.” Random House Unabridged Dictionary 343 (2d ed. 1993). Initiating a lawsuit is no less of a challenge to, for example, an increase in lot rental amount than is the initiation of mediation. If the legislature had intended for the standing provision to apply only to mediation proceedings, the provision in section 723.037(1) would have specifically referred to mediation and would not have used the broad term challenge.
The fact that the initiation of mediation is addressed in section 723.037 while the initiation of litigation is addressed in section 723.0381 does not affect the analysis of the meaning of the standing provision in section 723.037(1). Given its broad formulation, the reach of the standing provision is neither explicitly nor implicitly limited to the particular statutory section in which it appears.[1]
Finally, we observe that it would be an odd policy indeed to have a more restrictive standing requirement for the initiation of mediation — which by its very nature is not binding — than 'for the institution of litigation. Nothing in the statutory scheme indicates that the legislature adopted such a policy.

Conclusion

The trial court correctly permitted American Land Lease to challenge Sun Valley Homeowner’s capacity to sue in a representative capacity by way of the motion for summary judgment. The trial court also correctly determined that the undisputed evidence established that because Sun Valley Homeowners had failed to comply with the applicable standing requirement of section 723.037(1), it lacked the capacity to bring suit in a representa *265 tive capacity. Accordingly, the final summary judgment is affirmed.
Affirmed.
NORTHCUTT and SALCINES, JJ., Concur.

. We note that the court in Amber Glades, Inc. v. Leisure Associates Ltd. Partnership, 893 So.2d 620, 625 (Fla. 2d DCA 2005), made the following statement in dicta: "Section 723.037(1) requires written authorizations to commence mediation. It is unclear in the statute whether a mobile homeowners association must also have such authorization to bring a lawsuit once the mediation fails.” As is apparent from our explanation of our holding in the instant case, we have concluded that the statutory provisions are not unclear.