MORRIS, Judge.
 

 Amanda Ramos Oliveros, as personal representative of the estate of Gonzalo Ol-iveros and on behalf of herself; Luis Ol-iveros; and Gustavo Oliveros (collectively referred to as the appellants) appeal separate orders dismissing their medical malpractice wrongful death action against Adventist Health Systems/Sunbelt, Inc.; Sebring Hospital Management Associates, Inc.; Dr. Albert D. Bartholomew; Em-Care of Florida, Inc.; Dr. Danilo Adolfo Sanchez; and Sebring Emergency Physicians, LLC (collectively referred to as the appellees). In granting the appellees’ motions to dismiss, the trial court determined that the appellants failed to comply with the presuit requirements of section 766.203(2), Florida Statutes (2006), by failing to submit a corroborating affidavit from a duly qualified medical expert. For the reasons set forth below, we reverse the orders of dismissal and remand this matter for further proceedings.
 

 I. Facts
 

 The appellants’ complaint alleged that the wrongful death of Gonzalo Oliveros in June 2005 was caused by the negligence of the appellees upon Mr. Oliveros’s presentation to the emergency room with an evolving cerebral bleed that ultimately resulted in a stroke. In October 2006, before filing their complaint in the trial court, the appellants served the appellees with a notice of intent to sue. In an attempt to comply with the presuit requirements of section 766.203(2), the appellants listed Dr. Sichewski as their expert in emergency medicine. The appellants attached an affidavit from Dr. Sichewski corroborating that there existed reasonable grounds for the appellants’ claim of medical malprac
 
 *875
 
 tice.
 
 See
 
 § 766.203(2). In April 2007, the appellants filed their complaint in the trial court.
 

 Just prior to trial in 2009, the appellees filed motions for leave to amend their answers and affirmative defenses and motions to dismiss, arguing that the appellants failed to comply with the presuit corroborating affidavit requirement in section 766.203(2) because Dr. Sichewski was not a qualified expert in emergency medicine. The trial court granted the motions to amend and the motions to dismiss, which resulted in a final resolution of the case because the statute of limitations had expired on the appellants’ claims.
 
 See, e.g., Holden v. Bober,
 
 39 So.3d 396, 399 (Fla. 2d DCA2010).
 

 II. The appellees’ failure to timely challenge the appellants’ expert’s qualifications waived the issue.
 

 The appellants first argue on appeal that the appellees waived the issue of Dr. Sichewski’s qualifications by failing to specifically plead this issue in their answers and affirmative defenses, as required by Florida Rule of Civil Procedure 1.120(c), before the statute of limitations expired on the appellants’ claims. The appellants contend that allowing the appel-lees to amend their pleadings to raise this issue after the expiration of the statute of limitations severely prejudiced the appellants because their claim is now time-barred.
 

 A trial court’s decision on a motion to amend a pleading is reviewed for abuse of discretion.
 
 See EAC USA, Inc. v. Kawa,
 
 805 So.2d 1, 4 (Fla. 2d DCA 2001). Rule 1.120(c) provides: “In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.
 
 A denial of ■performance or occurrence shall be made specifically and with particularity.”
 
 (Emphasis added.) Compliance with the statutory presuit requirements is a condition precedent for the filing of a medical malpractice action.
 
 Ingersoll v. Hoffman,
 
 589 So.2d 223, 224 (Fla.1991).
 

 In
 
 Ingersoll,
 
 589 So.2d at 224, the court reiterated an earlier holding that failure to comply with the medical malpractice pre-suit requirements is not jurisdictional. The court also held that a defendant may waive or be estopped from complaining about the nonperformance of a medical malpractice condition precedent by failing to plead that nonperformance with specificity and particularity in a timely fashion, as required by rule 1.120(c). In this regard, the court stated:
 

 We do not suggest that under appropriate circumstances a defendant could not amend the answer so as to specifically deny the performance of a condition precedent. The test as to whether an amendment to a pleading should be allowed is whether the amendment will prejudice the other side. Had [the defendant] timely raised the defense of failure to follow the requirements of [the medical malpractice presuit notice statute], the [plaintiffs] could have attempted to comply with the statute within the period of the statute of limitations. An amendment to [the defendant’s] pleadings after the statute of limitations had run would have unfairly prejudiced the [plaintiffs].
 

 Ingersoll,
 
 589 So.2d at 225 (internal citations omitted).
 

 Ingersoll
 
 is directly applicable to the facts of this case. When the appellees filed their separate answers and affirmative defenses in 2007, none of the appellees specifically and with particularity denied that the appellants’ expert’s corroborating affidavit complied with section 766.203(2).
 
 *876
 
 Because the statute of limitations had expired by the time the appellees raised the issue, the appellants were prejudiced by the trial court’s allowing the appellees to amend their answers and affirmative defenses in 2009 to include the issue of Dr. Sichewski’s qualifications.
 

 The appellees argue that
 
 Ingersoll
 
 is not applicable here because the noncompliance with the presuit requirements in this case was not as obvious as the noncompliance in
 
 Ingersoll,
 
 i.e., the failure of the plaintiffs to file a notice of intent to sue. The appel-lees contend that they could not ascertain that the appellants’ medical expert did not qualify under the statutory requirements until Dr. Sichewski’s discovery deposition was conducted in January 2009. But the appellees had almost one year from receiving the notice of intent to sue,
 
 [1]
 
 and several months from the filing of the complaint, to investigate the appellants’ compliance with the corroborating affidavit requirement before the statute of limitations expired.
 
 [2]
 
 Therefore, the appellees’ failure to timely challenge the presuit corroborating affidavit operates to bar the appellees from raising the issue just prior to trial, and the trial court abused its discretion in granting the appellees leave to amend their answers and affirmative defenses.
 

 III. The trial court erred in determining that the expert was not qualified as a matter of law.
 

 The appellants also contend that the trial court erred in finding that Dr. Sichewski was not a qualified expert based on the uncontroverted evidence before the court. The only evidence before the court on this issue was the presuit affidavit of Dr. Sichewski and his discovery deposition wherein he explained and defended his qualifications. The appellees presented no expert testimony in opposition, either by way of affidavit or deposition.
 

 The parties disagree as to the standard of review on this issue. The appellants contend that the standard of review is de novo because the trial court’s decision on the motion to dismiss was one of statutory interpretation and, therefore, a question of law. The appellees argue that the trial court’s ruling was a factual determination as to whether Dr. Sichewski’s background and credentials were sufficient to qualify him as an expert in emergency medicine.
 

 Generally, a dismissal of a medical malpractice action for failure to comply with the presuit requirements is reviewed for abuse of discretion.
 
 See Vincent v. Kaufman,
 
 855 So.2d 1153, 1155 (Fla. 4th DCA 2003). But the trial court’s ruling that the appellants’ corroborating affidavit failed to comply with the statutory requirements is reviewed de novo.
 
 See Holden,
 
 39 So.3d at 400. And because the facts concerning Dr. Sichewski’s background and experience are unrefuted, the question of his qualifications as an expert turns on the application of the relevant statutes, which is an issue of law.
 
 See Aills v. Boemi,
 
 29 So.3d 1105, 1108 (Fla.2010) (holding that a question of law arising from undisputed facts is reviewed de novo). In reviewing this issue, we must
 
 *877
 
 consider all facts in the light most favorable to the appellants.
 
 See Holden,
 
 39 So.3d at 400.
 

 Section 766.203(2) requires a corroborating affidavit from a medical expert as defined in section 766.202(6). Section 766.202(6) provides that a medical expert must meet the requirements of an expert witness as set forth in section 766.102.
 
 See Holden,
 
 39 So.3d at 399. Section 766.102(9)(a) defines an expert in emergency medicine as a licensed physician who has “had substantial professional experience within the preceding 5 years while assigned to provide emergency medical services in a hospital emergency department.”
 

 Dr. Sichewski testified that he last worked full-time as an emergency room physician in 1998 and that from 1998 to 2003, approximately 30 to 40% of his time was spent working as a medical evacuation (med-evac) flight physician and in locum tenens work
 
 [3]
 
 in hospital emergency rooms. At the time of the deposition in 2009, he was working full time as a med-evac physician. Dr. Sichewski testified that as a med-evac physician, he works for an air ambulance company transporting critical patients to the United States from places around the world, primarily South America. Dr. Sichewski testified that he provides emergency and critical care services to the flight patients that are similar to a physician’s duties in a hospital emergency department. He testified that he normally does three to four medical flights per week and that the patients are as critical, if not more so, than patients in a hospital emergency department. He testified that often the patients are not yet diagnosed or are misdiagnosed when he first tends to them. Dr. Sichewski testified that he “gained probably more experience on the medical evacuation flights than [he] possibly could in an emergency room.”
 

 The appellees contend that a physician must fall within the requirements of section 766.102(9) in order to qualify as an emergency medicine expert.
 
 [4]
 
 However, section 766.102(12) provides that “[t]his section does not limit the power of the trial court to disqualify or qualify an expert witness on grounds other than the qualifications in this section.” The appellants argue that section 766.102(12) allowed the trial court to qualify Dr. Sichewski as an expert in emergency medicine on the basis of his extensive experience as both a med-evac physician and a locum tenens emergency room physician.
 

 Under section 766.102(12), the trial court could have considered this experience in determining whether Dr. Sichewski was qualified as an expert in emergency medicine. As noted above, the appellees did not present any evidence to refute Dr. Sichewski’s testimony that his med-evac experience, combined with his other experience in hospital emergency rooms, qualified him to give an opinion as an emergency medicine expert.
 

 
 *878
 
 The appellees rely on this court’s decision in
 
 Barrio v. Wilson,
 
 779 So.2d 418 (Fla. 2d DCA 2000), in arguing that the trial court was limited to the requirements set forth in section 766.102(9). In
 
 Bario,
 
 this court held that a specific provision relating to qualifications for emergency medicine experts in section 766.102 applies over a general provision relating to qualifications for a general health care expert. 779 So.2d at 414. But
 
 Barrio
 
 is not applicable to this case because it does not deal with subsection (12), which was adopted in 2003 after
 
 Barrio
 
 was decided.
 
 See
 
 ch. 2003-416, § 48, at 4090, Laws of Fla. Therefore, our decision in
 
 Barrio
 
 should not be construed to prohibit a trial court from considering subsection (12) in determining whether a proffered expert in emergency medicine should be qualified as such.
 

 The trial court erred in limiting its consideration of Dr. Sichewski’s qualifications as an emergency medicine expert to the strictures of section 766.102(9). If the ap-pellees had not waived the right to challenge Dr. Sichewski’s qualifications, we would remand this matter for a new hearing, but such a remand is unnecessary given our ruling on the waiver issue.
 

 IV. Conclusion
 

 By failing to investigate and plead specifically and with particularity the issue of the appellants’ alleged failure to comply with the presuit corroborating affidavit requirement in section 766.203(2), the appel-lees waived the issue. Accordingly, we reverse the orders dismissing the appellants’ complaint and remand for further proceedings consistent with this opinion.
 

 ALTENBERND and VILLANTI, JJ., Concur.
 

 [1]
 

 . Contrary to the appellees’ argument, Dr. Sichewski's opinion was subject to discovery during the presuit investigation period.
 
 See
 
 § 766.203(4) ("The medical expert opinions required by this [presuit investigation] section are subject to discovery.”).
 

 [2]
 

 . The alleged medical malpractice of the ap-pellees occurred in June 2005. The appellants had two years from that date to file a medical malpractice action.
 
 See
 
 § 95.1 l(4)(b), Fla. Stat. (2005). The filing of the notice of intent to sue tolled the two-year statute of limitations for 90 days.
 
 See
 
 § 766.106(4). Therefore, the statute of limitations expired in September 2007.
 

 [3]
 

 . Dr. Sichewski testified that locum tenens work is "part-time work.” Dr. Sichewski testified that a large medical group with contracts to staff emergency rooms would hire him to fill their emergency shifts on a temporary basis, i.e., for three days or even a week in some instances.
 

 [4]
 

 . We note that in arguing that Dr. Sichewski did not qualify as an expert in emergency medicine under section 766.102(9), the appel-lees seemed to treat "substantial professional experience” as a legal issue for the trial court. But "substantial professional experience” is "determined by the custom and practice of the manner in which emergency medical coverage is provided in hospital emergency departments in the same or similar localities where the alleged negligence occurred.” § 766.102(9)(b)(2). The appellees did not present any evidence that Dr. Sichewski’s experience did not constitute substantial professional experience as determined by the local custom and practice where the alleged negligence occurred in this case.