PER CURIAM.
The appellant, Jerry Lucante, raises two issues on appeal. First, the appellant argues that its experts’ affidavits fulfilled the “similar specialty” presuit compliance requirement of section 766.102(5), Florida Statutes. Second, the appellant argues that the appellees waived any issue regarding presuit compliance because the appellees failed to specifically plead these issues. Because the issue regarding waiver is dispositive, this Court declines to address the meaning of the phrase “similar specialty” found in section 766.102(5). We reverse the trial court’s final judgment.
“Compliance with the statutory presuit requirements is a condition precedent for the filing of a medical malpractice action.” Oliveros v. Adventist Health Sys./Sunbelt, Inc., 45 So.3d 873, 875 (Fla. 2d DCA 2010) (citing to Ingersoll v. Hoffman, 589 So.2d 223, 224 (Fla.1991)). If a defendant wishes to deny that the plaintiff has fulfilled a condition precedent, he or she must do so “specifically and with particularity.” Fla. R. Civ. P. 1.120(c); see also Ingersoll, 589 So.2d at 224 (finding that a general denial is not sufficient to specifically deny a plaintiffs assertion that all conditions were met). Failure to do so results in the defendant waiving the argument that the plaintiff did not meet the condition precedent. Ingersoll, 589 So.2d at 223; see also Buck Lake Alliance, Inc. v. Bd. of Cnty. Comm’rs of Leon Cnty., 765 So.2d 124, 128 (Fla. 1st DCA 2000).
Here, the appellees failed to specifically deny the contention that the appellant had met all conditions precedent to filing the lawsuit. While they did state they had no knowledge of whether these conditions were fulfilled, this does not qualify as a specific denial. Because the appellees failed to deny the satisfaction of preconditions specifically and with particularity, the appellees could not later assert that a condition precedent had not been met. See Ingersoll, 589 So.2d at 225; see also Fla. Hosp. Waterman v. Stoll, 855 So.2d 271, 277 (Fla. 5th DCA 2003) (finding the adequacy of corroborating expert reports in a medical negligence claim is waived if the answer does not specifically argue adequacy and is not later amended). As a result, the appellees’ argument regarding presuit compliance was waived. Accordingly, we reverse the trial court’s final judgment entered pursuant to the order granting the motions to dismiss and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
WOLF, ROBERTS, and RAY, JJ., concur.