DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FREDERICK CHRISTIAN SCHERF,**
**LORI ANN SCHERF,** and
**PINNACLE CONSTRUCTION GROUP, INC.,**
Appellants,

v.

**TOM KRIPS CONSTRUCTION, INC.,**
Appellee.

No. 4D2023-0337

[July 3, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE16-007756.

Adam P. Handfinger, Anne-Solenne Rolland, and Alexandra McKissick of Peckar & Abramson, P.C., Miami, for appellants.

Amy Wessel Jones and Joseph M. Goldstein of Shutts & Bowen LLP, Fort Lauderdale, for appellee.

GROSS, J.

Frederick and Lori Scherf, along with Pinnacle Construction Group, Inc., appeal a summary final judgment entered in favor of Tom Krips Construction, Inc. ("Krips") on a lien foreclosure claim. We affirm the final judgment and write to address one issue—whether the trial court abused its discretion in refusing to allow the defendants to file an amended answer almost five and a half years after the suit was filed.

### *Facts*

The Scherfs are a married couple who own real property in Pompano Beach. Mr. Scherf was the president of Pinnacle, a construction company. Appellee Krips is a licensed general contractor specializing in "shell construction." Krips had worked with Pinnacle and Mr. Scherf on several occasions prior to the construction projects that gave rise to the litigation in this case.

In April 2015, Krips provided the Scherfs with a written estimate/proposal for approximately $220,000.00 in construction services related to the construction of a new residence on the Scherfs' property. The Scherfs verbally accepted the proposal and they entered into an oral contract with Krips to perform the work on the property (the "Construction Agreement"). During this conversation, Mr. Scherf instructed Krips to "address, issue, submit, and deliver all invoices on the work" to Pinnacle, not to him personally.

In July 2015, as a separate project, Krips and Pinnacle entered into an agreement in which Krips, as subcontractor, agreed to perform shell work for Pinnacle, the general contractor, in connection with the construction of townhomes (the "Townhouse Agreement"). Pursuant to the Townhouse Agreement, Pinnacle agreed to pay Krips $1,025,000.00 for the shell work.

On October 22, 2015, the Scherfs recorded a Notice of Commencement for the construction of a "new single family home" on their property.

Krips provided services, delivered materials, and made improvements to the property in accordance with the Construction Agreement. Krips issued, submitted, and delivered invoices to Pinnacle and the Scherfs for the work performed on the property. Krips completed its work under the Construction Agreement on January 27, 2016.

The Scherfs did not pay for any of the work Krips performed under the Construction Agreement.

On February 8, 2016, Krips recorded a claim of lien against the Scherfs' property. That claim stated that the contract was between Krips and Mr. Scherf, and that there was an unpaid balance of $219,150.00. The claim of lien was served on the Scherfs via certified mail.

On April 27, 2016, Krips filed a complaint against Pinnacle, the Scherfs, and others, alleging a breach of the Townhouse Agreement, breach of the Construction Agreement, and seeking foreclosure of the construction lien on the Scherfs' property, among other claims. In the complaint, Krips generally alleged that it had "performed all conditions precedent to bringing the action, or they have been waived or excused."

On June 24, 2016, Pinnacle and the Scherfs, through counsel, moved to dismiss the complaint; they argued, among other things, that the lien foreclosure claim should be dismissed because the complaint did not allege that Krips timely served a Notice to Owner upon the Scherfs, "as required by section 713.06, Florida Statutes." They asserted that "[u]nless

[Krips] can plead and prove compliance with this statutory prerequisite to the enforcement of a construction lien," the claim to foreclose that lien "must be dismissed." They did not allege any other deficiency in conditions precedent to the lawsuit.

On July 18, 2016, the Scherfs filed a bankruptcy petition. As a result, this case sat dormant for nearly three years.

In March, 2019, the bankruptcy court allowed Krips to seek foreclosure of its construction lien. The Scherfs' attorney moved to withdraw, which was completed by July 1, 2019.

On March 31, 2020, with leave of court, Krips filed its first amended complaint against the Scherfs and other defendants, but omitting Pinnacle. The amended complaint contained a single count for foreclosure of a construction lien. Krips alleged that it was not required to serve a notice to owner upon the Scherfs because it had contracted directly with them. To support its position, Krips cited section 713.05, Florida Statutes, and *Broward Atlantic Plumbing Co. v. R.L.P., Inc.*, 402 So. 2d 464, 466 (Fla. 4th DCA 1981), which held that a notice to owner was not required where a subcontractor plaintiff was in privity with property owners, who were also the principals in the contracting corporation. Krips alleged generally that it had "performed all conditions precedent to bringing this action, or they have been waived or excused." Additionally, Krips alleged that it had "timely initiated this lawsuit within one year after the recordation of the Claim of Lien, and ha[d] complied with all other conditions precedent to enforce the Claim of Lien."

The Scherfs filed a pro se motion to dismiss the amended complaint, arguing that Krips was not under contract with Mr. Scherf, but rather with Pinnacle. Thus, the Scherfs argued that the claim of lien was invalid, and that the complaint should be dismissed. The motion to dismiss did not assert that Krips had failed to comply with any conditions precedent to bringing the suit. The circuit court denied the motion.

On August 5, 2020, the Scherfs filed their pro se answer to the amended complaint. In response to the allegations that Krips had complied with all conditions precedent to enforcing the claim of lien, the Scherfs did not specifically deny the allegation; instead, the Scherfs answered that they were "[l]acking knowledge or information." The Scherfs also filed a counterclaim against Krips for an invalid construction lien and a fraudulent construction lien. The invalid lien counterclaim was based on the Scherfs' claim that Krips failed to serve a notice to owner upon them "as required by section 713.06," that the property address was incorrect

on the claim of lien, and that the lien incorrectly states that Krips had contracted with Mr. Scherf. On Krips' motion, the circuit court dismissed the counterclaim without prejudice.

On September 23, 2021, Krips moved for summary judgment.

On October 21, a new lawyer entered a notice of appearance on behalf of the Scherfs and Pinnacle. On October 23, the new attorney moved for leave to file an amended answer and affirmative defenses. In addition to the claim that a notice to owner was required because Krips was not in privity with the Scherfs, the attorney sought to add the defense that, if the parties were in privity, then Krips failed to forward a final contractor's affidavit as required by section 713.06(3)(d)1., Florida Statutes (2016). The proposed amended answer, filed on November 23, 2021, for the first time specifically denied that all conditions precedent had been fulfilled, pointing to the failure to forward "a Final Contractor's Affidavit at least five (5) days prior to filing [suit] as required by section 713.06(3)(d)(1)."

The circuit court held a hearing on Krips' motion for summary judgment and the Scherfs' motion to amend their answer. The trial court expressed concern that the motion to amend came "in the middle of the trial docket, after the case had been filed way back in 2016." Pointing out that an order setting the case for trial had been entered back in April, the court commented that the "liberality" in allowing amendment of pleadings "has kind of come and gone." The Scherfs' attorney argued that the final contractor's affidavit defense was a complete defense to the lien claim and that his clients would be prejudiced if not allowed to amend their pleadings.

The court acknowledged that there was potential prejudice to both sides, depending on how it ruled on the motion to amend. The court observed that had the contractor's affidavit defense been raised when the case was filed, Krips could have cured the problem within the statute of limitations.

Following the hearing, the court entered a written order granting summary judgment in favor of Krips and denying the Scherfs' motion to amend their pleadings. In denying the motion to amend, the court wrote:

> This case was filed on April 27, 2016, and the Complaint was amended nearly four (4) years later on 3/31/2020, the Defendant answered the Amended Complaint. The case was placed on the November, 2021, trial docket and not reached, it is now on the January, 2022, trial docket. On November

4

23, 2021, five and a half years post filing, the Defendant filed a motion to amend their affirmative defenses to add failure to comply with conditions precedent, which was clearly obvious since the filing of the Complaint. A defense if raised at that time was possibly curable. The Defendants['] request at this juncture in the matter is a "gotcha" tactic.

### *Discussion*

Florida Rule of Civil Procedure 1.190(e) provides that a court may permit a pleading to be amended "[a]t any time," "in furtherance of justice," "upon such terms as may be just."

The liberality of allowing amendments to pleadings decreases over time. As the Third District has observed:

> While the policy in Florida, as articulated in Rule 1.190(a), is to allow amendments to pleadings liberally, a trial judge in the exercise of sound discretion may deny further amendments where a case has progressed to a point that liberality ordinarily to be indulged has diminished.

*Pangea Produce Distribs., Inc. v. Franco's Produce, Inc.*, 275 So. 3d 240, 242 (Fla. 3d DCA 2019) (citation and internal quotation marks omitted). A trial court has a "compelling obligation . . . to see to it that the end of all litigation be finally reached." *Alvarez v. DeAguirre*, 395 So. 2d 213, 216 (Fla. 3d DCA 1981) (citation omitted). Allowing amended pleadings deep into a case can significantly increase litigation costs and obstruct a decision on the merits. The rule of liberality in allowing amendments is not a license to "change the issue, introduce new issues, or materially vary the grounds of relief." *Versen v. Versen*, 347 So. 2d 1047, 1050 (Fla. 4th DCA 1977).

The circuit court did not abuse its discretion in denying the motion to amend based on the combination of the timeliness of the motion, the duration of the litigation, and the prejudice to Krips. *See Pangea Produce*, 275 So. 3d at 242 (stating that the "standard of review for the denial of leave to amend is abuse of discretion").

In the years leading up to the motion for leave to amend, the Scherfs had consistently taken the position that they were not parties to the Construction Agreement, that the contract was with Pinnacle, and that Krips had failed to serve the required notice to owner upon them. In their proposed amended answer, the Scherfs changed their position by adding

5

the alternative argument that Krips had failed to serve a contractor's affidavit, which would only come into play if Krips' contract was with the Scherfs.

Allowing the amendment would have prejudiced Krips because the statute of limitations had run on the lien foreclosure claim, so it was too late to cure the notice problem. Krips was required to file the foreclosure action within one year of recording its claim of lien. *See* § 713.22(1), Fla. Stat. (2016). Krips recorded its claim of lien on February 8, 2016, and filed its original complaint on April 27, 2016. Before filing for bankruptcy, the Scherfs challenged the original complaint, but did not raise Krips' failure to provide the contractor's affidavit. Had the issue regarding the contractor's affidavit been raised at that time, Krips would have had over seven months to cure a failure to serve the affidavit. *See Holding Elec., Inc. v. Roberts*, 530 So. 2d 301, 302 (Fla. 1988) (holding that an amended complaint could be filed in a mechanics' lien foreclosure action to "show delivery of the contractor's affidavit, provided the statute of limitations ha[d] not run prior to the filing of the amended complaint").

*Ingersoll v. Hoffman*, 589 So. 2d 223 (Fla. 1991), demonstrates that prejudice to a plaintiff occurs where a defendant's untimely proposed amendment comes too late for a plaintiff to comply with a condition precedent to suit within the statute of limitations.

*Ingersoll* involved a dental malpractice suit. *Id.* at 223. On the day of the trial, the defendant moved to dismiss for the plaintiffs' failure to serve notice of intent to initiate litigation for medical malpractice as required by section 768.57, Florida Statutes (1987). *Id.* at 223–24. The plaintiffs' amended complaint alleged that they had complied with all conditions precedent. *Id.* at 224. The defendant's answer contained no reference to the plaintiffs' failure to comply with the section 768.57 presuit notice requirement. *Id.* Under these circumstances, the Florida Supreme Court held that the defendant had "waived the [plaintiffs'] failure to comply with section 768.57 by failing to timely raise the issue in his pleadings." *Id.*

The Florida Supreme Court discussed the question of prejudice to a party in allowing an amendment to a pleading:

> The test as to whether an amendment to a pleading should be allowed is whether the amendment will prejudice the other side. Had [the defendant] timely raised the defense of failure to follow the requirements of section 768.57, the [plaintiffs] could have attempted to comply with the statute within the period of the statute of limitations. An amendment to [the

> defendant]'s pleadings after the statute of limitations had run would have unfairly prejudiced the [plaintiffs].

*Id.* at 225 (internal citations omitted).

Florida courts have relied on *Ingersoll* to deny requests for leave to amend to assert a defect that could have been cured by the opposing party had it been raised earlier in the litigation.

In *Florida Hospital Waterman v. Stoll*, 855 So. 2d 271, 277 (Fla. 5th DCA 2003), the Fifth District ruled that a defendant waived the plaintiff's compliance with presuit requirements by failing to timely raise the issue in its motion to dismiss and/or strike. The court stated that "[t]o allow the [defendant] to 'amend' its motion to dismiss by including this new ground for relief *after* the statute of limitations had expired, would have unfairly prejudiced the [plaintiffs]." *Id.* at 278.

Similarly, in *Oliveros v. Adventist Health Systems/Sunbelt, Inc.*, 45 So. 3d 873, 875–76 (Fla. 2d DCA 2010), the Second District held that the trial court abused its discretion in allowing the defendants to amend their answer and affirmative defenses to challenge the presuit corroborating affidavit in a medical malpractice action because the statute of limitations had expired by the time the defendants raised the issue, thereby prejudicing the plaintiffs.

Applying *Ingersoll, Stoll,* and *Oliveros,* we hold that the circuit judge did not abuse her discretion in denying the motion to amend. We have also considered the other arguments raised and conclude that there is no reversible error.[1]

*Affirmed.*

KLINGENSMITH, C.J., and FORST, J., concur.

*   *   *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] We disagree with Pinnacle's claim that the trial court entered final judgment against it. Because the operative amended complaint did not include Pinnacle as a defendant, we do not construe the final judgment as including Pinnacle as a defendant against whom judgment was entered.